**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAY ANDERSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 2:21-cv-02292-BMS** |
| | : | |
| **LOWE'S HOME CENTERS, LLC,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

**AND NOW**, on this _____ day of _____, 2022, upon consideration of Defendants' Motion for Summary Judgment, and any opposition and reply thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **GRANTED**.  It is further **ORDERED**:

1. Judgment is entered in favor of the Defendants, and against Plaintiff as to all claims asserted in the Complaint, [ECF No. 1]; and

2. The Clerk of Court is directed to mark this case closed.

**BY THE COURT:**

_____

HON. BERLE M. SCHILLER, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAY ANDERSON**, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 2:21-cv-02292-BMS** |
| | : | |
| **LOWE'S HOME CENTERS, LLC,** *et al.*, | : | |
| | : | |
| **Defendants**. | : | |
| | : | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Lowe's Home Centers, LLC, and Lowe's Home Centers, LLC ("Lowe's"), by and through undersigned counsel, hereby move for summary judgment as to all of the claims asserted in Plaintiff Ray Anderson's ("Plaintiff") Complaint, [ECF No. 1], pursuant to Rule 56 of the Federal Rules of Civil Procedure.  In support of its motion, Lowe's relies upon the accompanying Memorandum of Law and Statement of Undisputed Material Facts, the contents of which are incorporated by reference herein.

Respectfully submitted,

By:   *Charlene A. Barker Gedeus*

Charlene A. Gedeus, Attorney I.D. No. 317896
Monica L. Simmons, Attorney I.D. No. 363205
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102
Phone:     (215) 665-3812
Facsimile: (215) 665-8760
*Counsel for Lowe's*

Dated: March 17, 2022

<u>**IN THE UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**</u>

| | | |
|---|---|---|
| **RAY ANDERSON**, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 2:21-cv-02292-BMS** |
| | : | |
| **LOWE'S HOME CENTERS, LLC,** | : | |
| | : | |
| **Defendant**. | : | |
| | : | |
| | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**LOWE'S MOTION FOR SUMMARY JUDGMENT**

**<u>TABLE OF CONTENTS</u>**

**Page**

I.     INTRODUCTION ................................................................................................... 2

II.    STANDARD OF REVIEW ..................................................................................... 4

III.   FACTUAL BACKGROUND .................................................................................. 5

IV.   ARGUMENT AND CITATIONS OF AUTHORITY ........................................... 5

      A.     Plaintiff's Disability Discrimination Claims Fail as a Matter of Law ................... 6

           i.      Plaintiff cannot establish a prima facie case of discrimination under
                 the ADAAA or the PHRA ........................................................................... 7

                 a.     Anderson cannot show that he is a qualified individual with a
                         disability.................................................................................. 7

                 b.     Anderson cannot show that he suffered an adverse action ........... 10

                 c.     Anderson fails to adduce evidence that Lowe's' legitimate
                         non-discriminatory reason for its actions is pretext for
                         discrimination ........................................................................ 12

           ii.     Because Plaintiff cannot prove that he is disabled, his failure-to-
                 accommodate and hostile work environment claims also fail ................. 15

      B.     Anderson's Race Discrimination Claim Fails as a Matter of Law ...................... 18

           i.      Anderson has not shown he suffered an adverse action ......................... 18

           ii.     There is no inference of discrimination .................................................... 19

           iii.    Anderson has not adduced facts sufficient to show that Defendants'
                 legitimate, non-discriminatory reasons for the complained-of actions
                 was a mere pretext for race discrimination ................................................ 21

           iv.    Defendants are also entitled to summary judgment to the extent
                 Anderson has pled a racial hostile-work-environment claim ................. 22

      C.     Anderson's FMLA Retaliation Claim Fails As a Matter of Law......................... 24

           i.      Anderson cannot prove that he suffered an adverse employment
                 decision ..................................................................................................... 25

           ii.     Anderson cannot prove that the PIP and denial of his transfer request
                 was causally related to his FMLA request ................................................ 25

      D.     Anderson is Not Entitled to Punitive Damages .................................................. 27

V.    CONCLUSION...................................................................................................... 28

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abels v. Dish Network Serv., LLC*,
   507 F. App'x. 179 (3d Cir. 2012) ............................................4

*Acumed LLC v. Advanced Surgical Servs.*,
   561 F.3d 199 (3d Cir. 2009).....................................................13

*Akinlawon v. Overhead Door Corp.*,
   No. 4:17-cv-00218, 2018 bl 347254, 2018 WL 4608488 (M.D. Pa. Sep. 25,
   2018) .............................................................................................19

*Anderson v. Lehigh Valley Hosp.*,
   No. 13-1986, 2015 WL 1455210 (E.D. Pa. Mar. 30, 2015) ...................12

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)..................................................................3

*Bearley*, 322 F. Supp. 2d at 571 ...............................................23

*Bielek v. Allegheny Ludlum, Corp.*,
   No. 04-1910, 2006 U.S. Dist. LEXIS 73335, 2006 WL 2773487 (W.D. Pa.
   Sept. 22, 2006) ............................................................................14

*Bielich v. Johnson & Johnson, Inc.*,
   6 F. Supp. 3d 589 (W.D. Pa. 2014).........................................15

*Brewer v. Quaker State Oil Ref. Corp.*,
   72 F.3d 326 (3d Cir. 1995)........................................................4

*Brown v. Nutrition Mgmt. Servs. Co.*,
   370 F. App'x. 267 (3d Cir. 2010) (unpublished opinion)...............26

*Bullock v. Brandywine Sch. Dist.*,
   837 F. Supp. 2d 353 (D. Del. 2011)..........................................10

*Cashman v. CNA Fin. Corp.*,
   No. 08-5102, 2012 BL 8544, 2012 U.S. Dist. LEXIS 4249 BL 8544, 2012 WL
   113667 (E.D. Pa. Jan. 13, 2012) ................................................10

*Caver v. Trenton*,
   420 F.3d 243 (3d Cir. 2005)......................................................22

*Colwell v. Rite Aid Corp.*,
  602 F.3d 495 (3d Cir. 2010)...........................................................................14, 15

*Connolly v. Pepsi Bottling Grp., LLC*,
  347 F. App'x. 757 (3d Cir. 2009) ................................................................19

*Culler v. Sec'y of U.S. Veterans Affairs*,
  507 F. App'x. 246 (3d Cir. 2012) ................................................................17

*Cunningham v. Nordisk*,
  615 F. App'x. 97 (3d Cir. 2015) ................................................................16

*Deans v. Kennedy House, Inc.*,
  587 F. App'x. 731 (3d Cir. 2014) ................................................................10

*Deserne v. Madlyn & Leonard Abramson Ctr. For Jewish Life, Inc.*,
  No. 10-03694, 2012 BL 121798, 2012 WL 1758187 (E.D. Pa. May 17, 2012).....................5

*Erdman v. Nationwide Ins. Co.*,
  582 F.3d 500 (3d Cir. 2009)......................................................................24

*Ezold v. Wolf, Block, Schorr & SolisCohen*,
  983 F.2d 509 (3d Cir. 1992)......................................................................12

*Faragher v. City of Boca Raton*,
  524 U.S. 775, 118 S. Ct. 2275, 141 L.Ed.2d 662 (1998)........................................22

*Fieni v. Franciscan Care Ctr.*,
  Civ. A. No. 09-5587, 2011 U.S. Dist. LEXIS 113910, 2011 WL 4543996
  (E.D. Pa. Sept. 30, 2011) ........................................................................3

*Fuentes v. Perksie*,
  32 F.3d 759 (3d Cir. 1994).....................................................................5, 12

*Gagliardo v. Connaught Lab.*,
  Inc., 311 F.3d 565 (3d Cir. 2002) ................................................................26

*Gaidasz v. Genesee Valley Bd. of Co-op. Educ. Sys.*,
  791 F. Supp. 2d 332 (W.D.N.Y. 2011) ............................................................11

*Gallagher v. Sunrise Assisted Living of Haverford*,
  268 F. Supp. 2d 436 (E.D. Pa. 2003) .............................................................24

*Gans v. Mundy*,
  762 F.2d 338 (3d Cir. 1985).......................................................................3

iii

*Gaul v. Lucent Technologies, Inc.*,
 134 F.3d 576 (3d Cir. 1998)..................................................................5, 9, 14

*Glanzman v. Metro. Mgmt. Corp.*,
 290 F. Supp. 2d 571 (E.D. Pa. 2003), *aff'd*, 391 F.3d 506 (3d Cir. 2004)................................9

*Harry v. Amtrak*,
 Civ. A. No. 03-4704, 2005 BL 25603, 2005 WL 1971884 (E.D. Pa. Aug. 10,
 2005) (Tucker, J.)............................................................................................3

*Hibbard v. Penn-Trafford Sch. Dist.*,
 Civ. A. No. 13-622, 2013 WL 640253, 2014 U.S. Dist. LEXIS 20237 (W.D.
 Pa. Feb. 19, 2014) .....................................................................................10, 17

*Howard v. Pennsylvania Dept. of Public Welfare*,
 No. 11-1938, 2013 BL 6129, 2013 WL 102662 (E.D. Pa. Jan. 9, 2013)...................................5

*Hoy v. Angelone*,
 720 A.2d 745 (Pa. 1998) ...................................................................................26

*Isley v. Aker Philadelphia Shipyard, Inc.*,
 275 F. Supp. 3d 620 (E.D. Pa. 2017) .......................................................................6

*Jalil v. Avdel Corp.*,
 873 F.2d 701 (3d Cir. 1989)...............................................................................24

*Jones v. Sch. Dist. of Phila.*,
 198 F.3d 403 (3d Cir. 1999).......................................................................17, 18, 19

*Keller v. Orix Credit Alliance, Inc.*,
 130 F.3d 1101 (3d Cir. 1997)...........................................................................12, 13

*Khalil v. Rohn & Haas Co.*,
 Civ. A. No. 05-3396, 2008 U.S. Dist. LEXIS 10169, 2008 WL 1041027 (E.D.
 Pa. Feb. 11, 2018) ...........................................................................................16

*Kiburz v. England*,
 361 F. App'x. 326 (3d Cir. 2010) ..........................................................................13

*Knight v. McCarthy*,
 439 F. Supp. 3d 744 (E.D. Va. 2020) ......................................................................8

*Krouse v. Am. Sterilizer Co.*,
 126 F.3d 494 (3d Cir. 1997)...............................................................................24

*Kurten v. Hanger Prosthetic and Orthotics, Inc.*,
  402 F. Supp. 2d 572 (W.D. Pa. 2005) ......................................................................5

*Lexington Ins. Co. v. W. Pa. Hosp.*,
  423 F.3d 318 (3d Cir. 2005)....................................................................................3

*Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*,
  691 F.3d 294 (3d Cir. 2012)..................................................................................23

*Mallon v. Prudential Property & Casualty Insurance Co.*,
  688 F. Supp. 997 (D.N.J. 1988) ............................................................................13

*Mayk v. Reading Eagle*,
  No. 08-4866, 2010 U.S. Dist. LEXIS 28549 (E.D. Pa. Mar. 24, 2010)..................11

*McCall v. City of Phila.*,
  629 F. App'x. 419 (3d Cir. 2015) ...........................................................................15

*McDonnell Douglas Corp. v. Green*,
  411 U.S. 792 (1973).........................................................................................5, 23

*Miller v. Tyco Elecs., Ltd.*,
  No. 1:10-cv-2479, 2012 BL 452200, 2012 WL 4107203 (M.D. Pa. Sept. 18,
  2012) ...................................................................................................................20

*Mitchell v. MG Industries, Inc.*,
  822 F. Supp. 2d 490 (E.D. Pa. 2011) ....................................................................11

*Nat'l R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101, 122 S. Ct. 2061, 153 L.Ed.2d 106 (2002).................................17, 22

*Nelson v. Upsala Coll.*,
  51 F.3d 383 (3d Cir. 1995).....................................................................................18

*O'Brien v. Se. Pa. Transp. Auth. Police Dep't.*,
  No. 20-5907, 2021 BL 214467 (E.D. Pa. Jun. 9, 2021)..........................................18

*Perry v. Harvey*,
  332 F. App'x. 728 (3d Cir. 2009) ...........................................................................22

*Petrikonis v. Wilkes-Barre Hosp. Co.*,
  No. 11-280, 2013 WL 5877000 (M.D. Pa. Oct. 30, 2013) ......................................12

*Prigge v. Sears Holding Corp.*,
  No. 09-175, 2010 WL 2731589 (E.D. Pa. Jul. 9, 2010) ..........................................15

*Prowel v. Wise Bus. Forms*,
  579 F.3d 285 (3d Cir. 2009)....................................................................................3

*Reinhart v. Mineral Techs. Inc.*,
  No. 05-4203, 2006 WL 4050695 (E.D. Pa. Nov. 27, 2006) ...................................25

*Reynolds v. Dep't of Army*,
  *439 F. App'x. 150* (3d Cir. 2011)......................................................................10, 18

*Rinehimer v. Cemcolift, Inc.*,
  292 F.3d 375 (3d Cir. 2002)....................................................................................6

*Rizzo v. PPL Serv. Corp.*,
  Nos. 03-5579, 03-5780, 03-5781, 2005 U.S. Dist. LEXIS 6757, 2005 WL
  913091 (E.D. Pa. Apr. 19, 2005) ...........................................................................11

*Rubano v. Farrell Area School Dist.*,
  991 F. Supp. 2d 678 (W.D. Pa. Jan. 8, 2014) .........................................................5

*Sampson,* 88 F.3d at 443 ..............................................................................................23

*Showers v. Endoscopy Ctr. of Cent. Pennsylvania, LLC*,
  58 F. Supp. 446 (E.D. Pa. 2014) .............................................................................5

*Siemon v. AT&T Corp.*,
  117 F.3d 1173 (10th Cir. 1997) ...............................................................................8

*Storey v. Burns Int'l Sec. Servs.*,
  390 F.3d 760 (3d Cir. 2004).....................................................................................9

*Strain v. Univ. of Pittsburgh Med. Ctr.*,
  No. 2:04-1660, 2007 BL 235773, 2007 U.S. Dist. LEXIS 22288 BL 235773,
  2007 WL 951490 (W.D. Pa. Mar. 27, 2007) .........................................................10

*Sulima v. Tobyhanna Army Depot*,
  602 F.3d 177 (3d Cir. 2010)..............................................................................5, 6, 7

*Szarawara v. City of Montgomery*,
  No. 12-5714, 2013 BL 171664, 2013 WL 3230691 (E.D. Pa. June 27, 2013).........5

*Taylor v. Phoenixville Sch. Dist.*,
  184 F.3d 296 (3rd Cir. 1999) .............................................................................6, 15

*Thomas v. St. Mary Med. Ctr.*,
  22 F. Supp. 3d 459 (E.D. Pa. 2014) .......................................................................26

*Thomas v. Town of Hammonton*,
    351 F.3d 108 (3d Cir. 2003)........................................................................25

*Torres v. County of Berks*,
    No. 5:17-cv-01890, 2018 WL 564406, 2018 U.S. Dist. LEXIS 12823 (E.D.
    Pa. Jan. 26, 2018) .....................................................................................16

*Tucker v. County of Monmouth*,
    159 Fed. Appx. 405 (3d Cir. 2005)..............................................................23

*Tucker v. Merck & Co.*,
    131 F. App'x. 852 (3d Cir. 2005) ................................................................10

*Vereen v. Woodland Hills Sch. Dist.*,
    No. 06-462, 2008 U.S. Dist. LEXIS 23075 (W.D. Pa. Mar. 24, 2008) .................17

*Walton v. Mental Health Ass'n of Se. Pa.*,
    168 F.3d 661 (3d Cir. 1999).........................................................................16

*Weiler v. Household Fin. Corp.*,
    101 F.3d 519 (7th Cir. 1996) .........................................................................8

*Whitman v. Proconex, Inc.*,
    No. 08-2667, 2009 BL 10613, 2009 WL 141847 (E.D. Pa. Jan. 20, 2009)............24

*Woodard v. PHB Die Casting*,
    255 Fed. Appx. 608 (3d Cir. 2007)...............................................................22

*Woolf v. Strada*,
    949 F.3d 89 (2d Cir. 2020)............................................................................8

**Statutes**

29 U.S.C. § 2617(a) ..........................................................................................26

42 U.S.C. § 1981a(b)(1).....................................................................................26

42 U.S.C. § 12102(2) ..........................................................................................6

42 U.S.C. § 12112(a) ..........................................................................................6

The Americans with Disabilities Act of 1990, *as amended*, 42 U.S.C. § 12101 *et
    seq.* ...............................................................................................*passim*

Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ......................*passim*

Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951 *et seq.*.................*passim*

**Rules**

Federal Rules of Civil Procedure Rule 56(a)...................................................................................3

**Other Authorities**

29 C.F.R. § 1630.2(j)(1)(ii)............................................................................................................8

29 C.F.R. § 1630.2(j)(2)................................................................................................................7

Defendants Lowe's Home Centers, LLC, and Lowe's Home Centers, LLC[1] (referred to herein as, "Lowe's" or "Defendant"), by and through undersigned counsel, hereby submit this Memorandum of Law in support of their Motion for Summary Judgment.

## I.    INTRODUCTION

Relying on his beliefs and conjecture, Plaintiff Ray Anderson ("Anderson" or "Plaintiff"), a current Lowe's employee, commenced this action against Lowe's in May of 2021 because he suspects that Lowe's placed him on a performance improvement plan ("PIP") and denied his request to transfer to another store for some invidious reason.  In a "kitchen-sink" complaint, Anderson makes every conceivable claim against Lowe's:  that he was placed on a PIP and denied a transfer to another store because of his race (Count I), or, alternatively, because he was disabled (Count II); that Defendants failed to accommodate his disability by greenlighting his transfer request irrespective of his performance issues (Count II); that he was subjected to a hostile work environment because of his disability (Count II); that Lowe's decision to place him on a PIP and deny him the opportunity to transfer constituted retaliation in violation of the Family and Medical Leave Act of 1993 (the "FMLA"), 29 U.S.C. § 2601 *et seq.* (Count III); and Lowe's actions also violated the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. Cons. Stat. § 951 *et seq.* (Count IV).  *See generally* Compl. at ¶¶ 25-68.

Plaintiff's claims are meritless.  As explained more fully below, Lowe's actions with respect to Anderson were at all times legitimate and lawful, and completely unrelated to his race, alleged disability, decision to take protected medical leave, or any other protected characteristic.

---

[1]    Defendant Lowe's Home Centers, LLC headquartered in Mooresville, NC 28117, is the only proper defendant in this action.

2

Contrary to the allegations set forth in the Complaint, Anderson was placed on a PIP to address chronic performance deficiencies that predated his FMLA leave request. It was the PIP, and not his protected status, that impacted his ability to transfer to another store location in 2019.

Lowe's is entitled to summary judgment on all of Plaintiff's claims for four reasons. First, Anderson has not provided sufficient evidence to demonstrate that he is a qualified individual under the Americans with Disabilities Act of 1990, *as amended* (the "ADAAA"), 42 U.S.C. § 12101 *et seq.*, and therefore, his disability discrimination claims must fail. Second, even if Plaintiff could demonstrate that he was disabled in 2019, Plaintiff's failure-to-accommodate claim must fail because he did not (and cannot) produce any evidence from which a jury could infer that: (1) Lowe's was aware of, or regarded him as, disabled at the time they denied his request to transfer store locations; and (2) his transfer request was causally related to his alleged disability. Third, Plaintiff cannot make a prima facie showing of discrimination or retaliation because he has not (and cannot) presented evidence that he suffered an adverse action. Lastly, Plaintiff has failed to produce evidence from which a jury could infer that Lowe's took disciplinary action against Plaintiff because of his race, disability, or any other protected status. To the contrary, the record evidence supports Lowe's explanations for both the PIP and the denial of Anderson's request to transfer to another store.

Anderson's allegations are based on nothing more than his disagreement with Lowe's decision-making; and his unsupported assertions, conclusory allegations, and mere suspicions. As Anderson has proffered no evidence, aside from his own subjective beliefs, that Lowe's discriminated or retaliated against him, his claims cannot survive summary judgment.

For these reasons, and for those set forth herein, Lowe's respectfully requests that the Court grant its motion for summary judgment.

## II.    STANDARD OF REVIEW

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a motion for summary judgment shall be granted if the evidence in the record show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A fact is material if it could affect the outcome of the case under the substantive law governing the claim. *Harry v. Amtrak*, Civ. A. No. 03-4704, 2005 BL 25603, 2005 WL 1971884, at \*3-4 (E.D. Pa. Aug. 10, 2005) (Tucker, J.) (citing *Anderson*, 477 U.S. at 248).

In considering a motion for summary judgment, all inferences must be "viewed in the light most favorable to the party opposing the motion." *See Prowel v. Wise Bus. Forms*, 579 F.3d 285, 286 (3d Cir. 2009). *Anderson* cautions, however, that summary judgment is appropriate if the non-moving party provides merely "colorable, conclusory or speculative" evidence. *Anderson*, 477 U.S. at 249.  Moreover, the beliefs, suspicions, and speculations of the Plaintiff are not evidence, and a material fact dispute cannot be created out of thin air. *Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318, 332-33 (3d Cir. 2005) (conjecture and speculation may not defeat a motion for summary judgment); *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985) (a plaintiff "cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions" in resisting summary judgment) (citations omitted).  Rather, Plaintiff, as the non-movant, must point to **real and substantial evidence** in support of his claims which is "capable of being admitted at trial." *Fieni v. Franciscan Care Ctr.*, Civ. A. No. 09-5587, 2011 U.S. Dist. LEXIS 113910, 2011 WL 4543996, at \*9 (E.D. Pa. Sept. 30, 2011) (emphasis added) (citations omitted).

The Court's task is not to second guess an employer's employment decisions but rather to determine whether an illegal discriminatory purpose motivated the decisions in question. *Abels v. Dish Network Serv., LLC*, 507 F. App'x. 179, 185 (3d Cir. 2012) ("We do not sit as a super personnel department that reexamines an entity's business decisions; no matter how mistaken the firm's managers, the [court will] not interfere.") (citing *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 332 (3d Cir. 1995) (internal quotations omitted)).

Judged against these standards, Lowe's is entitled to summary judgment on all of the claims asserted in Plaintiff's complaint.

## III.  FACTUAL BACKGROUND

Lowe's incorporates the accompanying Statement of Undisputed Material Facts ("SUMF") (and all exhibits thereto) as if set forth in full herein and will address pertinent facts as part of the Argument.[2]

## IV.  ARGUMENT AND CITATIONS OF AUTHORITY

Anderson alleges Lowe's discriminated against him because of his alleged disability (Counts I and IV), his race (Counts II and IV), or in retaliation for the exercise of his rights under the FMLA (Count III).  Lowe's has articulated a legitimate, nondiscriminatory for placing Anderson on a PIP, specifically that his performance lagged in 2018 and early 2019, before he requested FMLA leave.  Lowe's has also provided a legitimate, nondiscriminatory reason for the denial of his transfer request, *i.e.*, that it maintains a policy that precludes employees from transferring to another store location while they are on a PIP.  Anderson has not, and cannot, establish that Lowe's explanations for placing him on a PIP and denying his request to transfer to

---

[2]    The facts set forth herein are in the light most favorable to Plaintiff and taking Plaintiff's deposition testimony regarding matters for which he has personal knowledge as true.  Should this case proceed past summary judgment, Lowe's reserves the right to challenge any of the facts set forth herein.

another store in July of 2019 are mere pretext for discrimination or retaliation. Lowe's is, therefore, entitled to judgment as a matter of law on all of Anderson's claims for the reasons that follow.

### A.     Plaintiff's Disability Discrimination Claims Fail as a Matter of Law

This Court must analyze Plaintiff's ADAAA claims using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).[3] *Showers v. Endoscopy Ctr. of Cent. Pennsylvania, LLC*, 58 F. Supp. 446, 460 (E.D. Pa. 2014). Anderson must first establish a prima facie case of discrimination. *Fuentes v. Perksie*, 32 F.3d 759, 763 (3d Cir. 1994). Upon establishing a prima facie case, the burden of production shifts to Lowe's to articulate a legitimate and non-discriminatory reason for allegedly adverse actions taken against Anderson. *Id.* If Lowe's successfully articulates such a reason under a "relatively light burden," then the burden shifts back to Anderson to adduce evidence showing by a preponderance of the evidence Lowe's reason to place him on a PIP and/or deny his transfer request is pretextual. *Id.*; *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010); *Kurten v. Hanger Prosthetic and Orthotics, Inc*., 402 F. Supp. 2d 572, 579-80 (W.D. Pa. 2005) (citations omitted). For the reasons that follow, Defendants are entitled to summary judgment on Count II of Anderson's Complaint

---

[3]     While the ADAAA altered the federal standard for proving a disability, the Pennsylvania legislature has not enacted a similar amendment to the PHRA. Thus, whether a plaintiff has alleged a disability under the PHRA must be analyzed under the law and standards used prior to the 2008 Amendments to the ADA. *See Szarawara v. City of Montgomery*, No. 12-5714, 2013 BL 171664, 2013 WL 3230691 at *2 (E.D. Pa. June 27, 2013); *Deserne v. Madlyn & Leonard Abramson Ctr. For Jewish Life, Inc.*, No. 10-03694, 2012 BL 121798, 2012 WL 1758187 at *3 n.3 (E.D. Pa. May 17, 2012). However, the remaining elements for establishing a prima facie case of discrimination remain the same under the ADAAA and PHRA and may be analyzed together. *Rubano v. Farrell Area School Dist.*, 991 F. Supp. 2d 678, 689 n.7 (W.D. Pa. Jan. 8, 2014). These elements did not change as a result of the 2008 Amendments. *See, e.g., Howard v. Pennsylvania Dept. of Public Welfare*, No. 11-1938, 2013 BL 6129, 2013 WL 102662 at *9 (E.D. Pa. Jan. 9, 2013) (citing *Gaul v. Lucent Technologies, Inc.,* 134 F.3d 576, 580 (3d Cir. 1998)). Lowe's will address Anderson's ADAAA and PHRA claims coextensively in this Memorandum because Anderson cannot establish a prima facie case of disability discrimination under either standard.

because he can neither establish a prima facie case of disability discrimination nor demonstrate that Defendants' legitimate, non-discriminatory reasons for its actions are pretextual.

          i.      <u>Plaintiff cannot establish a prima facie case of discrimination under the ADAAA or the PHRA</u>

To establish a prima facie case of discrimination under the ADAAA, Plaintiff must demonstrate that: (1) he is a disabled person within the meaning of the ADAAA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination. *Isley v. Aker Philadelphia Shipyard, Inc.,* 275 F. Supp. 3d 620, 626 (E.D. Pa. 2017) (citing to *Taylor v. Phoenixville Sch. Dist.,* 184 F.3d 296, 306 (3rd Cir. 1999)). Plaintiff cannot advance a prima facie case because he cannot meet the first or the third elements of a prima facie case on the current record.

          *a.*      *Anderson cannot show that he is a qualified individual with a disability*

Anderson cannot prevail on his failure-to-accommodate or disability discrimination claims because he has not demonstrated that he is a "qualified individual" entitled to the protections of the ADAAA or PHRA. To establish a prima facie case of disability discrimination, or failure to accommodate, Anderson must establish that he is a "qualified individual" with a disability. *See Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010) (citing 42 U.S.C. § 12112(a)); *see also* 42 U.S.C. § 12112(a) (stating that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability."). Under the ADAAA, an individual is considered disabled if he has: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) has a record of such impairment; or (C) [is] regarded as having such an impairment." 42 U.S.C. § 12102(2); *Rinehimer v. Cemcolift, Inc.*, 292

F.3d 375, 380 (3d Cir. 2002).  For the purposes of Anderson's claim, only the first definition of disability is relevant.[4]

In his Complaint, Plaintiff alleges that he is actually disabled because he suffers from "anxiety and stress, conditions that are exacerbated by working" at Lowe's West Philadelphia store in 2019.  Compl. ¶ 12.  However, a review of the record reveals that while Anderson may have been experiencing anxiety and stress in 2019, it did not limit him with regard to any major life activities.  At his deposition, Anderson testified that, although he suffered from work-related stress and "sporadic" nightmares starting in 2018, *see* Plaintiff's Dep. at 16:8-21:4, his work-related stress subsided when he returned from his FMLA-qualifying leave in July of 2019.  *Id.* at 69:17-71:7.  Anderson is no longer under a doctor's care for this condition, *Id.* at 16:16-17, in fact, Anderson has not seen a medical provider for this condition since May 30, 2019.  *See* SUMF ¶ 42 and testimony cited therein.  While Anderson was prescribed medication in the past to regulate his sleeping, he is no longer taking this medication.  *Id.* at 69:17-71:7.  It is uncontroverted that Anderson returned to work in August 2019 after a FMLA-qualified leave without restrictions.  *See* Plaintiff's Dep. at 75:15-77:19.

These generalized complaints of workplace stress and sleep disruptions do not make him disabled.  In determining whether an impairment is substantially limiting, the Court should consider factors such as:  (1) the nature and severity of the impairment; (2) the length or expected duration of the impairment; and (3) the actual or expected permanent or long-term impact of the impairment.  *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010) (quoting 29

---

[4]     Anderson's Complaint alleges only that he has an actual disability.  *See* Compl. ¶¶ 12, 47.  He has put forth no evidence that he has a "record" of an impairment, or that he was "regarded as" having an impairment while employed by Lowe's in 2019.  Thus, whether there exists a genuine issue of fact as to whether Plaintiff is actually disabled is the only relevant issue for purposes of Count II.

C.F.R. § 1630.2(j)(2)).  Though "substantially limits" is not meant to be a demanding standard, "[n]ot every impairment will constitute a disability within the meaning of this section."  29 C.F.R. § 1630.2(j)(1)(ii).  Here, Anderson is asking the Court to infer an impairment from his allegation that he experienced anxiety and stress as a result of his work environment.  But Anderson does not argue or present evidence that his anxiety exists apart from his experiences being in his specific work setting.  Other courts have held that, "it is well-established that the inability to work with particular co-workers or supervisors does not create a substantial limitation on the major life activity of working."  *Knight v. McCarthy*, 439 F. Supp. 3d 744, 759-60 (E.D. Va. 2020) (citing *Weiler v. Household Fin. Corp.,* 101 F.3d 519, 524-25 (7th Cir. 1996) ("The major life activity of working is not 'substantially limited' if a plaintiff merely cannot work under a certain supervisor because of anxiety and stress" and if plaintiff "can do the same job for another supervisor, she can do the job, and does not qualify under the ADA")); *Woolf v. Strada*, 949 F.3d 89, 95 (2d Cir. 2020) (and cases cited therein) (same); *Siemon v. AT&T Corp.*, 117 F.3d 1173, 1176 (10th Cir. 1997) (holding that employee who suffered from severe depression and anxiety allegedly caused by a particular supervisor was not disabled under the Americans with Disabilities Act because employee asserted he could work outside of the particular supervisor's chain of command); *see also Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524-25 (7th Cir. 1996) (holding that because employee suffering from stress disorders allegedly caused by her supervisor claimed she could do the same job for a different supervisor she is not disabled under the Americans with Disabilities Act).

Even Anderson's own admissions foreclose a finding that his anxiety substantially limited his ability to work or sleep.  Anderson admitted that his stress and sleep disturbances were sporadic and no longer require treatment or medication.  He admits he was medically cleared to return to

work in July of 2019, and has not seen a doctor for his anxiety since returning from FMLA leave. A jury could not reasonably infer from this testimony that Anderson had a "physical or mental" impairment that ***substantially limited*** one or more of his major life activities in July or August of 2019.  *See Gaul v. Lucent Techs., Inc.,* 134 F.3d 576, 580 n.3 (3d Cir. 1998) (noting "we strongly suspect that a plaintiff who is unable to work with individuals who cause him 'prolonged and inordinate stress'" fails to meet the definition of disabled under the Americans with Disabilities Act).  Simply put, there is no evidence in the record that would allow a reasonable juror to conclude that Anderson's anxiety *substantially limits* him in a major life activity.  Since Anderson cannot establish that he was disabled under the relevant meaning of the ADAAA, Lowe's is entitled to summary judgment on Count II of the Complaint.

### b.    *Anderson cannot show that he suffered an adverse action*

Even if Anderson could somehow show that he was disabled or regarded as disabled in July of 2019, his disparate treatment claim would still fail because Lowe's did not subject him to an adverse action.  The Third Circuit Court of Appeals has described an adverse employment action "as an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment."  *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004) (internal quotation marks omitted).  To meet this standard, the allegedly adverse action must be more disruptive than a "mere inconvenience."  *Glanzman v. Metro. Mgmt. Corp.*, 290 F. Supp. 2d 571, 582 (E.D. Pa. 2003), *aff'd*, 391 F.3d 506 (3d Cir. 2004). Here, Anderson alleges that Lowe's took two discrete adverse actions against him:  (1) they placed him on a PIP in August of 2019; and (2) they refused to transfer him to another store location while he was on the PIP.  *See* Compl. ¶¶ 13-15.  Neither action constitutes an adverse employment action on the record before the Court.

10

Lowe's decision to place Anderson on a performance improvement plan was not an adverse employment action. *See Reynolds v. Dep't of Army*, 439 F. App'x. 150, 153 (3d Cir. 2011) (holding that placement in a performance improvement plan, which required the plaintiff to improve performance or face reassignment, demotion, or termination "is not an adverse employment action absent accompanying changes to pay, benefits, or employment status"); *Hibbard v. Penn-Trafford Sch. Dist.*, Civ. A. No. 13-622, 2013 WL 640253, 2014 U.S. Dist. LEXIS 20237, at *8 (W.D. Pa. Feb. 19, 2014) (plaintiff failed to allege that she suffered an adverse employment action where she merely pled that she was placed on a PIP); *Bullock v. Brandywine Sch. Dist.*, 837 F. Supp. 2d 353 (D. Del. 2011) (plaintiff did not suffer an adverse action merely by being placed on PIP that did not alter "her job responsibilities or employment benefits"); *see also Tucker v. Merck & Co.,* 131 F. App'x. 852, 857 (3d Cir. 2005) ("A negative evaluation, by itself, is not an adverse employment action."); *Deans v. Kennedy House, Inc.,* 587 F. App'x. 731, 734 (3d Cir. 2014) (oral and written warnings temporarily in plaintiff's file not an adverse employment action). Anderson did not lose job responsibilities or privileges as a result of the 2019 PIP. His title, hours, salary, and benefits did not suffer as a result of the PIP. In fact, by Plaintiff's own admission, he came off the PIP in December of 2019 without incident, and has received "raises" and "bonuses" since the end of 2019. *See* SUMF ¶¶ 80-83.

Likewise, Lowe's decision to deny Anderson's request to be considered for an internal transfer in August of 2019 did not alter the terms and conditions of his employment. *See* SUMF ¶¶ 80-83; *Cashman v. CNA Fin. Corp.*, No. 08-5102, 2012 BL 8544, 2012 U.S. Dist. LEXIS 4249, 2012 BL 8544, 2012 WL 113667, at *10 (E.D. Pa. Jan. 13, 2012) (refusal to allow a transfer, placement on PIP not adverse actions); *Strain v. Univ. of Pittsburgh Med. Ctr.*, No. 2:04-1660, 2007 BL 235773, 2007 U.S. Dist. LEXIS 22288, 2007 BL 235773, 2007 WL 951490 (W.D. Pa.

Mar. 27, 2007) (relieving plaintiff of certain duties, lateral transfer, and warranted negative performance evaluation not adverse actions); *see also Gaidasz v. Genesee Valley Bd. of Co-op. Educ. Sys.*, 791 F. Supp. 2d 332, 338 (W.D.N.Y. 2011) (holding that a denial of transfer request is not an adverse action unless objective indicators establish that the requested position was materially more advantageous). Anderson did not present any evidence that the positions that he wished to transfer into were materially more advantageous or that Lowe's denial of his request for a transfer created a materially significant disadvantage in his working conditions. *See Gaidasz*, 791 F. Supp. at 338. His "subjective feelings of disappointment and disillusion" associated with the transfer denial are not enough to transform it into an adverse action. Anderson remains at Lowe's West Philadelphia store location and continues to receive salary increases. SUMF ¶¶ 76-84. Indeed, Anderson testified he is very content and happy working at Store 2378. *Id.* ¶ 86. Anderson simply cannot establish an adverse employment action under these facts. For this reason alone, the Court should grant summary judgment for Defendants on Counts II and IV because Anderson cannot establish a prima facie case of disability discrimination without this requisite element. *See Mitchell v. MG Industries, Inc.*, 822 F. Supp. 2d 490, 502 n.8 (E.D. Pa. 2011) (granting summary judgment for ADEA claim because the plaintiff did not show an adverse employment action); *Mayk v. Reading Eagle*, No. 08-4866, 2010 U.S. Dist. LEXIS 28549, at *19 (E.D. Pa. Mar. 24, 2010) (same); *Rizzo v. PPL Serv. Corp.*, Nos. 03-5579, 03-5780, 03-5781, 2005 U.S. Dist. LEXIS 6757, 2005 WL 913091, at *8-*9 (E.D. Pa. Apr. 19, 2005) (same).

> c.   *Anderson fails to adduce evidence that Lowe's' legitimate non-discriminatory reason for its actions is pretext for discrimination*

Anderson's disparate treatment claim fails because he cannot establish a prima facie case of disability discrimination. Even if Anderson could, *arguendo*, establish a prima facie of

disability discrimination, his disparate treatment claim still fails because he does not offer evidence that Lowe's proffered reason for his PIP and transfer denial is pretext for disability discrimination.

To show pretext, Anderson must "point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes*, 32 F.3d at 764. "To make this showing, plaintiff may introduce evidence to show '(1) that the proffered reasons had no basis in fact[;] (2) that the proffered reasons did not actually motivate [the act;] or (3) that they were insufficient to motivate [the PIP or transfer denial]." *Anderson v. Lehigh Valley Hosp.,* No. 13-1986, 2015 WL 1455210, *12 (E.D. Pa. Mar. 30, 2015) (citing *Petrikonis v. Wilkes-Barre Hosp. Co.,* No. 11-280, 2013 WL 5877000 at *7 (M.D. Pa. Oct. 30, 2013)). "The plaintiff must show 'not merely that the employer's proffered reason[s] [were] wrong, but that [they were] so plainly wrong that [they] cannot have been the employer's real reason[s]." *Id.* (citing *Keller v. Orix Credit Alliance, Inc.,* 130 F.3d 1101, 1109 (3d Cir. 1997)). To meet his burden, Anderson must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in Defendants' proffered legitimate reasons to lead this Court to believe a jury could rationally find them "unworthy of credence." *Id.* at 765 (emphasis in original) (quoting *Ezold v. Wolf, Block, Schorr & SolisCohen*, 983 F.2d 509, 531 (3d Cir. 1992)).

Anderson adduces no evidence showing that Defendants' proffered reasons for his PIP lacked a factual basis. He admits that he received a less-than-satisfactory rating in his 2018 year-end performance review which was issued in April 2019, two months before he went out on FMLA leave; and that he did not disagree with this evaluation. *See* Plaintiff's Dep., Ex. 8, at 230:1-232:24; 244:9-15. Anderson has introduced any evidence indicating the Lowe's reasons for the

13

PIP (namely, his performance deficits) did not truly motivate the decision to place him on a PIP. Anderson does not adduce evidence challenging the sufficiency of Defendants' proffered reasons for the PIP, or quibble with his performance evaluations. He instead speculates that he was placed on the PIP "in retaliation for taking leave during peak season." *See* Plaintiff's Dep., Ex. 8, at 309:20-314:12. But Anderson testified at his deposition that:

- No one at Lowe's voiced any opposition to him taking FMLA during the store's "peak season," defined as the weeks in and around Memorial Day, *See* Plaintiff's Dep., Ex. 8, at 311:1-5;

- That Lowe's does not prohibit managers or associates from taking FMLA leave in and around Memorial Day, *see id.* at 313:1-6;

- No one complained about Anderson's use of FMLA leave, *see id.* 314:7-12; and

- Anderson just "strongly felt" his decision to take leave right before Memorial Day was the reason he was placed on a PIP, *id.* at 312:16.

This conjecture cannot establish pretext. *See Kiburz v. England*, 361 F. App'x. 326, 336 (3d Cir. 2010) (citing *Acumed LLC v. Advanced Surgical Servs.*, 561 F.3d 199, 228 (3d Cir. 2009)) (mere speculation and conjecture on the part of the plaintiff is no substitute for actual evidence, and cannot be relief upon to defeat an otherwise properly supported motion for summary judgment). In sum, because Plaintiff bases his pretext allegations on "speculation and conjecture," his discrimination claims cannot survive summary judgment to the extent they are predicted on his PIP. *See Keller v. Orix Credit Alliance*, 130 F.3d 1101, 1108-09 (3d Cir. 1997) (en banc) (noting that for a plaintiff to show pretext to survive a motion for summary judgment, the plaintiff must produce evidence "not merely that the employer's proffered reason was wrong, but that it was so plainly wrong that it cannot have been the employer's real reason"); *Mallon v. Prudential Property & Casualty Insurance Co.*, 688 F. Supp. 997, 1001, 1006 (D.N.J. 1988) (granting summary judgment to defendant who terminated plaintiff after short term disability benefits ran out because employee's basis for pretext was "simple accusations and mere speculation").

Anderson offers no other evidence that Lowe's decision to place him on a PIP and deny his request for a transfer were motivated by animus. Anderson does not dispute that his performance was lacking, and that his PIP made him ineligible for a transfer, but he insists the reason for these actions is pretextual. He cannot rely on his personal belief. He must adduce facts of recklessness, implausibility, inconsistency, incoherency, or contradiction. He has not done so. Accordingly, Anderson has not made a showing of pretext sufficient for his disability discrimination claims to survive summary judgment.

> ii. Because Plaintiff cannot prove that he is disabled, his failure-to-accommodate and hostile work environment claims also fail

Because Plaintiff cannot establish that he is disabled within the meaning of the ADAAA, the failure-to-accommodate and hostile-work-environment claims he asserts in Count II necessarily fail. To advance a prima facie case of failure to accommodate under the ADAAA, a plaintiff must show, among other things, that he has a disability within the meaning the ADAAA. *See Gaul*, 134 F.3d at 580. Because Plaintiff cannot establish that he was disabled or regarded as disabled at the time that Defendants administered his PIP, his failure-to-accommodate claims fails as a matter of law. *See, e.g., Bielek v. Allegheny Ludlum, Corp.*, No. 04-1910, 2006 U.S. Dist. LEXIS 73335, 2006 WL 2773487, at *11 (W.D. Pa. Sept. 22, 2006) ("An independent reason why [plaintiff's] ADA failure-to-accommodate claim fails as a matter of law is that she was not 'disabled' at the time of the alleged failure to accommodate.").

Even if Plaintiff could somehow demonstrate that he was a disabled individual within the meaning of the ADAAA, his failure-to-accommodate claim would still fail. An employee is required to provide the employer with both notice of the disability and a request for an accommodation making clear that he wants assistance for his disability. *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 506 (3d Cir. 2010). A statement by an employee that "he is disabled or *has been*

*diagnosed with a disease or disorder*, without more, is insufficient to constitute a request for an accommodation." *Bielich v. Johnson & Johnson, Inc.*, 6 F. Supp. 3d 589, 617 (W.D. Pa. 2014) (citing *Taylor v. Phoenixvile Sch. Dist.*, 184 F.3d 296, 313 (3d Cir. 1999)); *see also Prigge v. Sears Holding Corp.*, No. 09-175, 2010 WL 2731589, at *8 (E.D. Pa. Jul. 9, 2010) (plaintiff simply declaring he had bipolar disorder, without more, is insufficient to constitute protected activity under the ADA); *Taylor*, 184 F.3d at 313 (although employee's request "does not have to be in writing, be made by the employee, or formally invoke the works 'reasonable accommodation,' . . . the employer must know of both the disability and the *employee's desire for accommodation*") (emphasis added); *Colwell*, 602 F.3d at 506 ("the employee 'must make it clear that [he/she] wants assistance for his or her disability'"). Plaintiff's Complaint theorizes that, by refusing Plaintiff's request to transfer him to another store location, Defendants failed to accommodate his disability. Compl. ¶ 50. But Plaintiff has produced no evidence from which a jury could reasonably infer that De Villava and Gurk knew that he was disabled at the time of his transfer request in July 2019. At most, the record supports an inference that Anderson was suffering stress while working at Store 2378. Further, Anderson admitted he does not recall disclosing to Gurk or De Villava that he was diagnosed with anxiety when he met with them in July of 2019. Plaintiff's Dep., Ex. 8, at 364:24-365:9. Anderson also testified that he does not recall whether he mentioned his stress or sleeping disturbances when he approached Gurk and asked to be transferred. *See id*. at 384:24-385:15. He did not request or submit a workplace accommodation substantiation form in support of this request. *See* De Villava Decl., Ex. 10, ¶ 28. Simply declaring that he wanted a transfer, without more, is insufficient to constitute protected activity under the ADAAA. *See McCall v. City of Phila.*, 629 F. App'x. 419, 421 (3d Cir. 2015) (not precedential) (district court properly granted summary judgment in employer's favor where there was no evidence that plaintiff's

16

unauthorized absences was due to knee pain and depression); *Torres v. County of Berks,* No. 5:17-cv-01890, 2018 WL 564406, 2018 U.S. Dist. LEXIS 12823, at *7 (E.D. Pa. Jan. 26, 2018) (granting summary judgment in employer's favor where plaintiff never told defendant-employer that her disabilities prevented her from complying with its call-out policy and the doctor's note she submitted to employer contain such information).   Moreover, when De Villava offered Anderson a transfer to another store in October of 2019, he rejected the opportunity.   This undercuts any argument that he *needed* a transfer to accommodate a mental disability.   *Khalil v. Rohn & Haas Co.*, Civ. A. No. 05-3396, 2008 U.S. Dist. LEXIS 10169, 2008 WL 1041027, at *17 (E.D. Pa. Feb. 11, 2018) (plaintiff could not prevail failure-to-accommodate claim where she testified that she did not need the accommodation).   For these reasons, Anderson cannot prove that he provided a nexus between his alleged disability and a need for a transfer, and the Court must enter judgment in Lowe's favor on Anderson's failure-to-accommodate claim.

Anderson's hostile-work-environment claim also fails because he is not disabled as defined in the ADAAA, as discussed in Section IV.A.i.a., *supra. See Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 667 (3d Cir. 1999) (noting that a claim for hostile work environment based on disability requires an evidentiary showing that, *inter alia*, the plaintiff is a qualified individual with a disability under the ADA*.)*; *Cunningham v. Nordisk*, 615 F. App'x. 97, 101 n.3 (3d Cir. 2015) (affirming district court's grant of summary judgment in defendant-employer's favor on plaintiff's ADA hostile-work-environment claim because plaintiff did not have a legally cognizable disability).   Moreover, there is no evidence that Anderson was subjected to severe or pervasive harassment because of his alleged disability.   In fact, at his deposition, Anderson could not recount a single incident that could show that his workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of

[her] employment and create an abusive working environment." *Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x. 246, 249 (3d Cir. 2012) (nonprecedential) (quoting *Morgan*, 536 U.S. at 116). To be sure, Anderson testified multiple times that no one made any comments about his leave or his alleged disability. *See* Plaintiff's Dep., Ex. 8, at 309:20-314:12 (admitting that no one made derogatory comments about his use of FMLA leave); 365:7-19 (admitting that he does not recall using the word disability when speaking to De Villava). Anderson offers little more than conclusory allegations that he was harassed because of his disability. For these reasons, the Court must enter judgment in the Defendants' favor on Anderson's hostile-work-environment claim.

### B.    **Anderson's Race Discrimination Claim Fails as a Matter of Law**

Anderson uses the same facts that buttress his ADAAA claims to assert a claim for race discrimination under Title VII and the PHRA. *See* Compl. ¶¶ 25-42, 61-68.[5] This claim must fail as a matter of law for three reasons: (1) Anderson has not shown he suffered an adverse action, an essential element of his disparate treatment claim; (2) Anderson has adduced any facts from which the Court could infer any connection between the allegedly adverse actions and Anderson's race; and (3) Anderson has not adduced facts sufficient to show that Lowe's legitimate, non-discriminatory reasons for the complained-of actions was a mere pretext for race discrimination.

#### i.    Anderson has not shown he suffered an adverse action

Defendants are entitled to summary judgment on Count I because Anderson cannot prove an essential element of his Title VII claim, *i.e.* that Lowe's took an adverse action against him, for the reasons articulated in Section IV.A.i.b., *supra*. *See Jones v. Sch. Dist. of Phila.*, 198 F.3d 403,

---

[5] The protections afforded by Title VII and the PHRA have been construed to be coextensive. *See, e.g., Hibbard*, 2014 U.S. Dist. LEXIS 20237 at *46 (W.D. Pa. Feb. 19, 2014); *Vereen v. Woodland Hills Sch. Dist.*, No. 06-462, 2008 U.S. Dist. LEXIS 23075, *44 (W.D. Pa. Mar. 24, 2008). Consequently, the analysis of Plaintiff's Title VII claims for race discrimination will also be dispositive of his parallel claims under the PHRA (Count IV of the Complaint).

411 (3d Cir. 1999) (stating that the third element of a prima facie case in disparate treatment Title VII claim is that the plaintiff suffered an adverse employment action). The mere fact that Anderson finds the actions Defendants took against him in 2019 "objectionable" is not sufficient to render it actionable. *Nelson v. Upsala Coll.*, 51 F.3d 383, 388 (3d Cir. 1995). Since neither the PIP nor the denial of his internal transfer request altered his compensation, or the terms, conditions, or privileges of his employment, they are no more actionable under Title VII than they are under the ADAAA. *See O'Brien v. Se. Pa. Transp. Auth. Police Dep't.*, No. 20-5907, 2021 BL 214467, at *11 (E.D. Pa. Jun. 9, 2021) (citing *Reynolds*, *supra*, for the proposition that placement on a PIP does not qualify as an adverse employment action absent accompanying adverse changes to employment such as demotion in pay or title, or termination). Since Anderson cannot establish that he suffered an adverse employment action on the record before the Court, Lowe's is entitled to judgment as a matter of law on Count I of the Complaint.

ii.     There is no inference of discrimination

Lowe's is also entitled to summary judgment on Counts I and IV because Anderson has presented no evidence that Lowe's treated similarly-situated white employees more favorably. To satisfy the fourth element of a prima facie case of race discrimination, the Plaintiff must produce admissible evidence from which a jury could reasonably infer that Lowe's treated non-black employees more favorably than black employees. *See Jones*, 198 F.3d at 410-11. Because Anderson alleges two discrete adverse actions, Defendants will analyze each in turn.

*First*, Anderson alleges that Defendants issued him a PIP because of his race. (Compl. ¶ 28). His theory is that the Regional Director, Tom Wilson—who had no direct supervisor authority over him and only had a handful of interactions with him— orchestrated his PIP because Wilson wanted to replace him with a white employee. *See* SUMF ¶ 26 and testimony cited therein. Even if the issuance of Anderson's PIP was an adverse action (it is not), Anderson's unfounded

belief that his PIP was motivated by discriminatory animus cannot support his claim because there is no record evidence that the action was "unexplained," motivated by "impermissible factors," or otherwise occurred under circumstances giving rise to an inference of discrimination. *See Jones*, 198 F.3d at 410-11. Anderson admitted that he does not know if Wilson was involved in the decision to place him on a PIP or even aware that he was placed on a PIP, SUMF ¶ 64, and De Villava testified that Wilson was not involved in this decision. *See* De Villava Decl. at ¶ 17. As a result, Anderson cannot point to any evidence in the record to suggest that racial animus influenced Defendant's decision to place him on a PIP. *See Akinlawon v. Overhead Door Corp.*, No. 4:17-cv-00218, 2018 bl 347254, 2018 WL 4608488, at *20 (M.D. Pa. Sep. 25, 2018) (granting summary judgment after finding no inference of discrimination based on the testimony of the plaintiff.). *Connolly v. Pepsi Bottling Grp., LLC*, 347 F. App'x. 757, 761 (3d Cir. 2009) (affirming summary judgment because the decisionmaker's "comments do not all suggest potential . . . bias, and those that might were made months before defendant's decision to terminate plaintiff and outside the context of that decisionmaking process").

*Second*, Anderson alleges that Lowe's denied his late July 2019 to transfer store locations because of alleged racial animus. (Compl. ¶ 28). While Anderson contends that three other white assistant managers at Store 2378 were afforded expedited transfers – namely, Christopher Derle, Geoffrey Pratta, and Eric Goos – all of these individuals had positive performance evaluations and were not on a PIP at the time that they requested a transfer. SUMF ¶¶ 54-57. In fact, Anderson admitted at his deposition that all of these alleged comparators met or exceeded expectations in the evaluations preceding their transfer requests. *Id*. Anderson has pointed to no cognizable evidence indicating that Derle, Goos, or Pratta perform their job duties at the same level as he yet received a higher performance-based ranking than he. The Court cannot conclude that Derle,

Goos, or Pratta were similarly situated to Anderson in all relevant respects absent some evidence that these employees performed their duties with the same level of competency as Anderson.  *See Miller v. Tyco Elecs., Ltd.*, No. 1:10-cv-2479, 2012 BL 452200, 2012 WL 4107203, at *5 (M.D. Pa. Sept. 18, 2012) (concluding that plaintiff's alleged comparators were not similarly situated in all relevant respects because he had not shown that the comparators had received higher performance marks despite performing at the same level of competency).  Anderson identified no other employees for whom Defendants' "expedited" transfer requests, nor did he present any evidence that could support an inference of discrimination.  Even if the Court draws every justifiable inference in Anderson's favor, there is no basis in the record upon which a jury could reasonably concluded that Lowe's was motivated by racial animus to deny Anderson a transfer request.  For this reason, Anderson cannot establish a prima facie case of race discrimination, and Lowe's is entitled to summary judgment on Count I of the Complaint.

    iii. <u>Anderson has not adduced facts sufficient to show that Defendants' legitimate, non-discriminatory reasons for the complained-of actions was a mere pretext for race discrimination</u>

  Even if Anderson could establish a prima facie case of race discrimination, *which he has not*, he has failed to offer any evidence that Lowe's legitimate, nondiscriminatory reasons for both the PIP and the transfer denial were a pretext for race discrimination.  At his deposition, Anderson posited that his regional manager, Tom Wilson, a white employee, was "targeting" him, Anderson Dep. 256:13-22, and used Anderson's store manager, Earika Khan, as a conduit to subject him to increased scrutiny and unfavorable performance reviews.  *Id.* at 254:10-23.  Even if the Court credits this speculative, unsubstantiated theory, Anderson admitted that he has no firsthand knowledge that Wilson played any role in administering and extending his PIP, or denying his transfer request.  *See id.* at 301:14-303:13.  Anderson has presented no other evidence that the reasons Lowe's offers for placing Anderson on a PIP was pretext for race discrimination.

Anderson's contention that Lowe's denied his transfer requests while expediting transfer requests for his white co-workers proved equally flimsy.  The performance reviews for his alleged comparators show that each of the alleged comparators were graded as meeting or exceeding expectations at the time that they submit their transfer requests.  *See* SUMF ¶¶ 54-57 and exhibits cited therein.  When faced with his comparators' evaluations at his deposition, Anderson acknowledged that none of the comparators had documented performance issues at the time that they requested transfers.  Plaintiff's Dep. at 334:21-335:14.  In other words, Anderson cannot show that the white co-workers who were able to transfer to other store locations were similarly situated to Anderson in all relevant respects.  Anderson also cannot reconcile his alleged claim of racial discrimination based on the denial of his request for a transfer with proof that just two months prior to his request, Reynoldo Brown, an African American ASM with good performance was allowed to transfer to another store location.  *See* SUMF ¶ 52.  He offers no other evidence that Lowe's proffered reason for denying his transfer request – namely, that he was on a PIP – was pretext for disability discrimination.

For these reasons, the Court can, and should, enter judgment in Lowe's favor on Count I of the Complaint.

        iv.    <u>Defendants are also entitled to summary judgment to the extent Anderson has pled a racial hostile-work-environment claim</u>

Anderson's Complaint is not a model of clarity.  He appears to allege that he was subjected to a hostile work environment based on his race, Compl. ¶ 23, but has not overtly pled a racially hostile-work-environment claim.  Even if the Court construes Anderson's Complaint as one that asserts a claim for hostile work environment in violation of Title VII, Anderson has failed to establish a prima facie case of hostile work environment.

"To establish a prima facie hostile-work-environment claim under Title VII or the PHRA, a plaintiff must show that (1) the employee suffered intentional discrimination because of his race, (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally affect a reasonable person of the same race in that position, and (5) the existence of respondent superior liability." *Woodard v. PHB Die Casting*, 255 Fed. Appx. 608, 609 (3d Cir. 2007) (brackets and internal quotation marks omitted). Importantly, "'offhanded comments, and isolated incidents (unless extremely serious)' are not sufficient to sustain a hostile-work-environment claim. Rather, the 'conduct must be extreme to amount to a change in the terms and conditions of employment.'" *Caver v. Trenton*, 420 F.3d 243, 262 (3d Cir. 2005) (internal citations omitted) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L.Ed.2d 662 (1998)). Fundamentally, "[t]o prove his hostile work environment claim, [a plaintiff] must show, inter alia, that his workplace was 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment.'" *Perry v. Harvey*, 332 F. App'x. 728, 730-31 (3d Cir. 2009) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 S. Ct. 2061, 153 L.Ed.2d 106 (2002)).

Here, Anderson has adduced no evidence that Lowe's created a racially hostile work environment, let alone one that changed "the terms and conditions" of his employment. While Anderson posits that his regional manager, Tom Wilson, wanted to replace African-American ASMs with white employees, he admits that this is nothing more than speculation. *See* Plaintiff's Dep., Ex. 8, at 189:22-197:16. Anderson admits that Wilson did not make any comments about his race, and that he doesn't have any firsthand knowledge that Wilson handpicked the candidates for promotion or hire at Store 2378. *See* SUMF ¶¶ 22, 24; *See also* Plaintiff's Dep., Ex. 8, at

190:19-20 (admitting that he has little more than a belief than "[Wilson] had an agenda" of racial discrimination); *id.* 197:15-16 (admitting that he has no "tangible, physical evidence" that Wilson played any role in promoting or hiring employees at store 2378).  Even if the Court credits Anderson's allegations about Wilson, there is no more than a scintilla of evidence that Anderson was subjected to hostile-work-environment discrimination.  There is no evidence that Anderson was subjected to racially hostile conduct, and no evidence that his work performance was unreasonably impeded.  In fact, by his own admission, he considers Store 2378 a "good work environment."  SUMF ¶ 26.  For this reason, Anderson's hostile-work-environment claim cannot, and should not, survive summary judgment.

## C. Anderson's FMLA Retaliation Claim Fails As a Matter of Law

Anderson's FMLA retaliation claim fails as a matter of law because he cannot establish a prima facie case of FMLA retaliation.  Like his ADAAA and Title VII claims, Anderson's FMLA retaliation claim is subject to the *McDonnell Douglas* burden-shifting framework.  *Tucker v. County of Monmouth*, 159 Fed. Appx. 405, 407-08 (3d Cir. 2005); *Sampson,* 88 F.3d at 443.  To establish a prima facie case of FMLA retaliation, Anderson must demonstrate that "(1) [ ]he invoked h[is] right to FMLA-qualifying leave, (2) [ ]he suffered an adverse employment decision, and (3) the adverse action was causally related to [his] invocation of rights."[6] *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301–02 (3d Cir. 2012).  Lowe's concedes that Anderson invoked his right to FMLA-qualifying leave in May of 2019.  *See* SUMF ¶ 35.  But Anderson's claim fails at the second and third elements.

---

[6] After establishing a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action, i.e., that it would have taken the same action irrespective of the plaintiff's FMLA leave.  *Bearley*, 322 F. Supp. 2d at 571. If the employer offers a legitimate, non-discriminatory reason, the burden is shifted back to the plaintiff to establish that the employer's reasons are pretextual.  *Id.*

i.     <u>Anderson cannot prove that he suffered an adverse employment decision</u>

Anderson did not suffer an adverse employment actions for the reasons articulated in Section IV.A.i.b., *supra*, and, for this reason alone, cannot make out a prima facie case of FMLA retaliation. *See Erdman v. Nationwide Ins. Co.,* 582 F.3d 500, 508 (3d Cir. 2009) (modifying *Conoshenti v. Public Service Elec. & Gas Co.*, 364 F.3d 135, 146 (3d Cir. 2004)) (holding that to assert a FMLA retaliation claim, a plaintiff must demonstrate, among other things, that he suffered an adverse employment action); *cf. Gallagher v. Sunrise Assisted Living of Haverford,* 268 F. Supp. 2d 436, 442 (E.D. Pa. 2003) (granting summary judgment on retaliation claim because plaintiff "fail[ed] to offer evidence of an adverse employer decision" as she "resigned and was not terminated"). Without an adverse action, Anderson's FMLA retaliation claim must fail.

ii.     <u>Anderson cannot prove that the PIP and denial of his transfer request was causally related to his FMLA request</u>

Anderson's FMLA retaliation claim also fails because he cannot prove that the complained-of actions were causally related to his FMLA leave. Anderson attempts to show that the denial of his transfer request and the issuance of his PIP was causally related to his FMLA leave by pointing to the fact that Lowe's made both of these decisions fourteen and twenty-one days after his return from leave, respectively. Although temporal proximity alone may be sufficient to create an inference of causality in some cases, it must be "unusually suggestive" to do so. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997). When a causal connection relies on temporal proximity alone, courts generally require that the adverse action occur within a few days of the protected activity. *Compare Jalil v. Avdel Corp.*, 873 F.2d 701, 708 (3d Cir. 1989) (holding that a causal link can be inferred where only two (2) days passed between the employee's protected activity and the adverse employment action); *Whitman v. Proconex, Inc.*, No. 08-2667, 2009 BL 10613, 2009 WL 141847, at *10-12 (E.D. Pa. Jan. 20, 2009) (finding that discharge

within minutes of returning from FMLA leave was "unduly suggestive" of a causal link); *Reinhart v. Mineral Techs. Inc.*, No. 05-4203, 2006 WL 4050695, at *10-11 (E.D. Pa. Nov. 27, 2006) (finding that the decision to terminate an employee within twenty-four (24) hours after returning from his initial FMLA leave met "the bare minimum of sufficiency to establish causation"); *with Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) (finding that three week period between protected activity and termination was insufficient, without other evidence, to establish required causal link).  The timing here – without more – cannot establish a causal connection between Anderson's FMLA leave and the complained-of actions.

Perhaps more critically, the other evidence in the record breaks this purported causal chain. Anderson admitted to Lowe's investigators that he received his 2018 performance review in April of 2019, at least six weeks before he requested and took FMLA-qualifying leave.  *See* SUMF ¶ 72. The PIP—delivered by De Villava and Gurk—was based on the performance issues highlighted by Wheeler in Anderson's 2018 performance review that De Villava noted had continued under her supervision.  *See* SUMF ¶ 74.  Likewise, Anderson has presented no evidence, other than pure conjecture, that Gurk took his leave into consideration when denying his request to transfer to another store location in late July/early August of 2019.  *See* SUMF ¶¶ 44-45 and testimony cited therein.  Anderson testified that he freely used his leave, and that no one at Lowe's made any negative comments to him about his use or amount of FMLA leave.  SUMF ¶¶ 44-45.  Anderson's mere conjecture that his FMLA leave somehow played a role in Lowe's decision to issue him a PIP and deny his request to transfer store locations is not enough to defeat summary judgment. Because Anderson fails to show a causal connection between the exercise of his FMLA rights and the complained-of actions, Lowe's is entitled to summary judgment on Count III of the Complaint.

D.      <u>**Anderson is Not Entitled to Punitive Damages**</u>

Even if Anderson's claims manage to survive summary judgment, he is not entitled to punitive damages.  Anderson has demanded punitive damages in the first three counts of his Complaint, Compl. ¶¶ 41, 52, & 59, and prayer for relief.  To the extent that Anderson demands punitive damages under the PHRA and/or the FMLA, Lowe's moves to strike this portion of his demand because punitive damages are not recoverable under either statute as a matter of law.  *See Brown v. Nutrition Mgmt. Servs. Co.*, 370 F. App'x. 267, 270 n.3 (3d Cir. 2010) (unpublished opinion) (noting that the FMLA's statutory text, 29 U.S.C. § 2617(a), establishes punitive damages are not recoverable under the FMLA); *Thomas v. St. Mary Med. Ctr.*, 22 F. Supp. 3d 459, 476 (E.D. Pa. 2014) (recognizing that the plaintiff could not "seek punitive damages as they are not recoverable under the FMLA"); *Gagliardo v. Connaught Lab.*, Inc., 311 F.3d 565, 570 n.3 (3d Cir. 2002) (punitive damages are not available under PHRA); *Hoy v. Angelone*, 720 A.2d 745, 751 (Pa. 1998) (same).

To the extent that Plaintiff demands punitive damages to redress his Title VII and ADAAA claims, these demands must also be stricken.  Punitive damages may be awarded only if Anderson can prove that Defendants "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to [her] federally protected rights. . . ."   42 U.S.C. § 1981a(b)(1).  He cannot do so on this record.  The record is void of any evidence that Defendants acted maliciously or in reckless disregard of Plaintiff's federally protected rights.  By Plaintiff's own account, Janeen De Villava was merely acting on her supervisor's orders when she administered his PIP.  *See* Anderson Dep. 336:1-7.  Anderson testified that he didn't believe Ms. Wheeler had any "malice" toward him, Dep. 244:22-23; nor did he believe that Ms. Khan had a "bias towards" him.  198:11-12.  He admitted that he had no evidence, other than his own speculation, that Mr. Wilson was "targeting" him using Khan as a conduit, Anderson Dep. 264:10-

27

14, and he has no firsthand knowledge that Wilson directed or had any input in the administration of Anderson's PIP in 2019.  Dep. 302:4-303:13.  As such, Anderson's own testimony forecloses a finding that Defendants acted with malice or reckless indifference to Plaintiff's federally protected rights when it administered his PIP or denied his request to transfer to another store location in the summer of 2019.  For these reasons, Defendants are entitled to summary judgment on Anderson's punitive damages claims, even if one or more of his claims survive summary judgment as to liability.

## V.    CONCLUSION

For the foregoing reasons, Lowe's respectfully requests that the Court grant summary judgment in its favor on all of the claims asserted in Anderson's Complaint.


Date: March 17, 2022


Respectfully submitted,

**Buchanan Ingersoll & Rooney PC**

By:  _Charlene A. Barker Gedeus_

Joseph J. Centeno
Charlene A. Barker Gedeus
Monica L. Simmons
joseph.centeno@bipc.com
charlene.gedeus@bipc.com
monica.simmons@bipc.com
Two Liberty Place
Philadelphia, PA  19102
Phone:      (215) 665-3812
Facsimile: (215) 665-8760
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date the foregoing Defendants' Motion for Summary Judgment, Statement of Undisputed Material Facts and all exhibits thereto has been electronically filed with the Court and is available for viewing and downloading from the ECF System and thereby has been served upon the following counsel of record, electronically:

Graham F. Baird, Esquire
Law Offices of Eric A. Shore
2 Penn Center, Suite 1240
1500 JFK Boulevard
Philadelphia, PA 19102


Dated: March 17, 2022                          */s/ Monica L. Simmons*

                                               Monica L. Simmons
                                               PA Attorney I.D. No. 323605