IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAY ANDERSON,** | : |
| **Plaintiff,** | : |
| v. | : CIVIL ACTION NO. 2:21-cv-02292-BMS |
| **LOWE'S HOME CENTERS, LLC**, *et al.*, | : |
| **Defendants.** | : |

### LOWE'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Lowe's Home Centers, LLC ("Lowe's),[1] by and through undersigned counsel, submits the following reply brief in support of its Motion for Summary Judgment. Lowe's addresses herein only those arguments posed by Plaintiff in his Response in Opposition ("Opposition Brief") to Lowe's Motion for Summary Judgment.

**I.  Plaintiff Makes No Effort to Satisfy His Burden of Production on Summary Judgment.**

Plaintiff has made no effort to meet his burden on summary judgment.[2] Rather than identify evidence in the record that would put his discrimination and retaliation claims in dispute, he argues

---

[1]  Defendant Lowe's Home Centers, LLC headquartered in Mooresville, NC 28117, is the only proper defendant in this action.

[2]  Lowe's will note at the outset that Plaintiff's counsel did not make it aware of his office's staffing shortage at the time he contacted defense counsel to ascertain Lowe's position on his Motion for Leave (Doc. No. 9). Rather, when Plaintiff's counsel contacted defense counsel on April 1, 2022, after the deadline for filing Plaintiff's response had passed to request an extension, he represented only that he was on vacation the week of April 4, 2022, and needed additional time to respond to the motion. Had Plaintiff's counsel explained that his firm was short staffed because of a mass exodus of attorneys in its employment practice group, Lowe's would have stipulated to Plaintiff's Motion for Leave.

a new theory of pretext– that Plaintiff's district manager, Tom Wilson, did 'not like" Plaintiff and implemented a performance improvement plan ("PIP") to drive Plaintiff out of his role and replace him with a "white employee." *See* Opposition Brief (Doc. No. 11-1) at pp. 2, 8. To defeat summary judgment, Plaintiff must "point to evidence" that establishes a "reasonable inference" that the employer's "proffered explanation [for the adverse employment decision] is unworthy of credence." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 728 (3d Cir. 1995). Plaintiff falls far short of meeting this burden.

Plaintiff does not cite any evidence to support his theory of pretext. In fact, his Opposition Brief does not contain a single citation to the record as required by Fed. R. Civ. P. 56(c)(1)(A). Despite arguing that Wilson somehow influenced Lowe's decision to place him on a PIP and deny his transfer request, the evidence in the record supports the contrary conclusion. Plaintiff *admitted at his own deposition* that he has no firsthand knowledge that Wilson had input in or implemented his PIP.  *See* Lowe's Memorandum of Law in support of its Motion for Summary Judgment ("Opening Brief") (Doc. No. 8) at p. 30 and record citations stated therein; *see also* Lowe's Statement of Undisputed Material Fact ("SUMF") (Doc. No. 8-1) ¶ 64; Declaration of Janeen De Villava (Doc No. 8-2) at Ex. 10, ¶ 17 (noting only that De Villava and Area Human Resources Business Partner Brandon Gurk were involved in the decision to place Plaintiff on a PIP).  The only evidence Plaintiff points to in support of his theory that Wilson's alleged animus somehow influenced either decision is his own self-serving and speculative testimony that Wilson *had* to be involved in the decision by virtue of his title, *see* Plaintiff's Statement of Disputed Facts (Doc. No. 11-2) ¶ 64, but Plaintiff has produced no evidence that establishes that Lowe's district managers are always involved in the decision to place assistant store managers on PIPs.

Even if the Court chooses to credit Plaintiff's testimony that Wilson *must have been* involved in the issuance of his PIP, the only "evidence" in the record that Wilson harbored any animus toward Plaintiff is Plaintiff's own speculation. *See* Plaintiff's Dep., attached to Lowe's Motion for Summary Judgment as Exhibit 8, at 49:4-11 (admitting that Wilson never played a direct role in any discipline Plaintiff received from his supervisors); 61:15 (testifying that he never had a conversation with Wilson); 65:17-22 (testifying that he didn't have reason to believe Wilson ever made negative statements about Plaintiff); 189:8-14 (testifying "*I think*" Wilson came in [to the company] with a "strong agenda" to replace African-American assistant store managers); 190:1-16 (testifying that "he believe[s]" that Wilson "didn't have the confidence that the African-American" staff employed at Plaintiff's store could "drive the results that he was looking for"); 191:13-14 (testifying that he "feel[s] as though [Wilson's] agenda was to replace" African-American ASMs with white employees);  This cannot defeat Lowe's motion. *See Dellapenna v. Tredyffrin/Easttown Sch. Dist.* 2011 WL 130156, at *8 (E.D. Pa. 2011) ("A plaintiff's personal belief that the real reason for the [adverse employment] action was discriminatory animus does not create a genuine issue of material fact"); *see also Salkovitz v. Pioneer Electronics (USA), Inc.,* 188 F. App'x 90 , 94 (3d Cir. 2006) (affirming grant of summary judgment to an employer in an age discrimination case where the employee pointed to a handful of documented remarks about his age and retirement plans which were not connected to his termination or to any discriminatory motive); *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 414 (3d Cir. 2018) (upholding district court's grant of summary judgment after concluding that there was insufficient evidence of pretext because the terminated teacher's allegations of racial discrimination were predicated "on nothing more than his beliefs without having actual knowledge of them").  Plaintiff cannot prove pretext with this bare-boned, unsupported theory.  Because Plaintiff has failed to make an evidentiary

3

showing of pretext sufficient to defeat Lowe's motion for summary judgment, Lowe's is entitled to summary judgment. *See Jones*, 198 F.3d at 414; *Murrell v. Penn Presbyterian Med. Ctr.*, No. 18-1202, 2019 BL 182456, 2019 U.S. Dist. LEXIS 84256, 2019 WL 2177911, at *7 (E.D. Pa. May 17, 2019) (granting summary judgment in employer's favor after finding that the plaintiff did meet burden of producing evidence that tended to show that the employer "did not act for its stated reasons") (citation omitted).

## II.     Plaintiff Has Abandoned His Failure-to-Accommodate Claim.

In Counts II and IV of his Complaint, Plaintiff asserts failure-to-accommodate claims in violation of the ADAAA and the PHRA. *See* Compl. (Doc. No. 1) ¶¶ 49, 61-68. However, Plaintiff does not address the merits of his failure-to-accommodate claims in his Opposition Brief, despite being provided with the opportunity to do so by virtue of the Court's order granting him leave to file the brief out of time, and has forfeited that claim. *Watson v. Drexel Univ.*, No. 20-3001, 2021 WL 4429826, at *4 (3d Cir. Sept. 27, 2021) ("Watson does not argue in support of her disability discrimination claim on appeal, besides reciting the law on a prima facie case of discrimination. Thus, she has forfeited that claim.") (*citing Barna v. Bd. of Sch. Dirs.*, 877 F.3d 136, 147 (3d Cir. 2017)). As such, the Court can, and should, treat all of Lowe's arguments with respect to Plaintiff's failure-to-accommodate claims as unopposed. *See Venter v. Potter*, 694 F. Supp. 2d 412, 425 n.8 (W.D. Pa. 2010) (plaintiff abandons claim "by failing to respond to the arguments raised by defendants in support of their motion for summary judgment"), *aff'd*, 435 F. App'x 92 (3d Cir. 2011). Even if Plaintiff had responded to Lowe's arguments, summary judgment is still appropriate because there is no evidence in the record supporting an inference that Plaintiff was disabled or requested a transfer to another Lowe's store location to accommodate a purported disability. *See* Opening Brief (Doc. No. 8) at pp. 7-10 (addressing evidence that Plaintiff was

4

disabled) and 15-17 (addressing Plaintiff's failure-to-accommodate claims). As noted in Defendant's Opening Brief, Plaintiff has ceased taking the medication he was once prescribed for sleep disturbances and has not seen a medical provider for his anxiety since May 30, 2019. *See* Opening Brief at p. 18 and portions of record cited therein. For these reasons, and for those set forth in Lowe's Opening Brief, the Court can and should grant judgment in Lowe's failure on Plaintiff's failure-to-accommodate claims.

### III. There is No Pattern of Antagonism On This Record that Would Allow Plaintiff to Establish the Causation Necessary for a FMLA Retaliation Claim.

Plaintiff argues that the denial of his transfer request relative to his request for FMLA leave is "unusually suggestive" and is sufficient to create "an inference of causality and defeat summary judgment." *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2017); *see also* Opposition Brief at p. 9. This argument assumes that the denial of his transfer request was an adverse employment action, an issue that Lowe's has not, and will not, concede. *See* Opening Brief at pp. 11, 35 (arguing that Plaintiff did not suffer an adverse employment action, and, therefore, cannot establish a prima facie case of FMLA retaliation); *Cf. O'Brien v. Se. Pa. Transp. Auth. Police Dep't*, No. 20-5907, 2021 BL 214467, at *10-*11 (E.D. Pa. Jun. 9, 2021) (relying on authority from the Third Circuit Court of Appeals to conclude that placement on a PIP and its subsequent extension did not qualify as an adverse employment action). Even if the Court credits Plaintiff's argument that he did suffer an adverse employment action within two weeks of his return from FMLA leave in the form of a denial of a transfer request, a two-week gap between the protected activity and the adverse action is not "unduly suggestive" on its face without other evidence of antagonism. *See Garcia v. Vertical Screen*, No. 19-3184, 2022 BL 94332, at *10 (E.D. Pa. Mar. 21, 2022) (collecting cases supporting proposition that a sixteen-day period between a request for FMLA leave and the plaintiff's termination, standing alone, was not sufficient to

support an inference of pretext). Plaintiff admitted at his deposition that no one questioned his use of FMLA leave, or otherwise displayed antagonism toward him when he returned from FMLA leave. *See* Lowe's SUMF ¶¶ 44-47 and the testimony cited therein. Plaintiff has pointed to no other evidence in the record that supports his argument that he was placed on a PIP and denied a transfer because of his FMLA leave, as opposed to his documented performance deficits. The evidence before the Court, viewed as a whole, simply does not support an inference that Lowe's proffered reasons for the PIP and transfer denial was a pretext for retaliation. Thus, Lowe's motion for summary judgment should be granted as to Plaintiff's claim for retaliation under the FMLA.

**IV.     Conclusion**

For these reasons, and for those articulated in the Opening Brief, Lowe's respectfully requests that the Court grant its Motion for Summary Judgment and enter judgment in its favor on all counts set forth in Plaintiff's Complaint.

Respectfully submitted,

By: */s/ Charlene A. Barker Gedeus*
Charlene A. Gedeus, Attorney I.D. No. 317896
Monica L. Simmons, Attorney I.D. No. 363205
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102
Phone:    (215) 665-3812
Facsimile: (215) 665-8760
*Counsel for Defendants*

Dated: April 20, 2022

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via this Court's CM/ECF system.

By: *[signature]*

Charlene A. Gedeus, Attorney I.D. No. 317896
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102
Phone:	(215) 665-3812
Facsimile: (215) 665-8760
*Counsel for Defendants*